**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | No. CV-12-00105-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| $2,164,341.00 in US Currency | |
| Defendant. | |

Claimant Leonardo Cornejo-Reynoso has filed an emergency motion for a protective order regarding his deposition scheduled for October 23, 2012. Doc. 26. Plaintiff United States of America has filed a response. Doc. 27. The Court held a telephone hearing with the parties on October 19, 2012, and later that day informed them that it would deny the motion. Doc. 29. This order will set forth the Court's reasons.

Claimant claims an interest in $2,164,341 in United States currency seized from him on April 21, 2011. The currency was found in a rental truck driven by claimant and was packaged in bundles, bound by rubber bands, and wrapped in plastic wrap containing axle grease. Plaintiff's detailed complaint seeking forfeiture of the money was filed on January 17, 2012. Doc. 1. Plaintiff's answer claiming an interest in the money was filed on February 8, 2012. Doc. 7.

Plaintiff served a notice of claimant's deposition on February 14, 2012. Doc. 9. The attorneys initially agreed that the deposition would occur on March 15, 2012. When claimant had difficulty obtaining a visa to enter the United States, the deposition was rescheduled to April 4, 2012. Doc. 18. Although Plaintiff arranged for claimant, who

lives in Mexico is not a U.S. citizen, to be paroled into the United States for purposes of the deposition, claimant asserted that the parole documentation was received too late and he could not appear for the deposition. The parties agreed to reschedule the deposition for May 4, 2012. *Id.*

Subsequent efforts to secure parole documents on a schedule that would work for the parties were largely unsuccessful, and the parties ultimately agreed to seek an extension of the discovery schedule in this case, which the Court approved. Doc. 16. Counsel for Plaintiff was able to obtain parole documents for the month of August, 2012, and the parties agreed the deposition would occur on August 30, 2012. When claimant took the position that he needed assurances that he would not be arrested upon entering the United States (presumably for criminal charges related to seizure of the currency) and Plaintiff stated that no such assurances could be given, the parties were unable to agree that the deposition would go forward. Plaintiff filed an emergency motion to compel the deposition and claimant filed an emergency motion for a protective order. Docs. 18, 19.

The Court held a telephone conference with the parties on August 27, 2012. As a result of that conference, the Court declined to require Plaintiff to depose claimant by videoconference in Mexico as requested by claimant's counsel. The Court also held that claimant, having invoked the jurisdiction of the Court to assert his claim, could not refuse to appear in this District for his deposition. Because the date of the deposition was imminent and claimant's counsel sought additional time for claimant to consider carefully whether he would enter this country to give the deposition, the Court put in place a schedule for the parties to complete the deposition. Doc. 22. The Court's order required claimant, by September 19, 2012, to advise Plaintiff whether claimant was able to obtain a visa to enter the United States and, if so, how soon he could enter the country for purposes of a deposition. Doc. 22 at 2. If claimant was not able to obtain a visa, the Court's order stated that Plaintiff should make arrangements for claimant to be paroled into the country to complete his deposition no later than November 30, 2012. *Id.* The Court required Plaintiff to give claimant at least ten days' notice concerning the

deposition and the travel arrangements made in connection with the parole and deposition. The Court ordered that claimant "shall appear for his deposition in this District on or before November 30, 2012." *Id.*

Claimant did not comply with the Court's order. He did not notify Plaintiff by September 19, 2012 whether he could obtain a visa to enter the country. Plaintiff's counsel nonetheless took steps to obtain parole documents and schedule the deposition. On September 11, 2012, Plaintiff's counsel wrote to claimant's counsel and proposed that the deposition occur on September 17-21, October 9-12, October 15-17, October 22-26, or October 29-November 2. Doc. 27-1 at 2. Claimant's counsel did not respond. Plaintiff's counsel wrote again on October 1, 2012, asking for a response to the proposed days. Doc. 27-1 at 5. Counsel for claimant responded in an email accusing counsel for Plaintiff of sending a "threatening" letter "without meeting and conferring with me." Doc. 27-1 at 7. This email was sent despite the fact that claimant's counsel had not responded for more than 20 days to Plaintiff's proposed deposition dates. Finally, on October 5, 2012, claimant's counsel wrote a letter stating that claimant recently had discovered that a criminal case was pending against him in Coconino County Superior Court, apparently arising out of the events that lead to seizure of the currency at issue in this case. Doc. 26-1 at 1. Claimant's counsel requested that the deposition occur in the second half of November. *Id.*

Plaintiff's counsel is not available in the second half of November for personal reasons, and the Court will not require that Plaintiff conduct the deposition at that time. Plaintiff has been seeking to schedule the deposition of claimant since February. Doc. 9. On three different occasions Plaintiff has undergone the difficult process of obtaining parole documents for claimant to enter the United States for his deposition. Claimant has not been equally accommodating. Claimant declined to come to the United States earlier this year on the grounds that he did not receive the parole documents in time to make arrangements. He declined to appear for his deposition in August without an assurance that he would not be arrested on criminal charges if he entered the country. Claimant did

not comply with the Court's order to provide needed information by September 19, 2012, and claimant now contends that he should not be required to enter the country before late November because of the criminal case pending against him.

The Court concludes that Plaintiff has engaged in an extended, good faith, and difficult process to schedule and complete claimant's deposition. The Court will not require that the deposition be postponed further. To accommodate claimant's counsel's arbitration scheduled for October 23, 2012, Plaintiff offered during the telephone conference on October 19, 2012 to conduct the deposition on October 24, 2012. The Court will require that claimant appear for his deposition on that date.

**IT IS ORDERED:**

1. Claimant's emergency motion for protective order regarding deposition scheduled for October 23, 2012 (Doc. 26) is **denied**.

2. Claimant shall appear for his deposition on **October 24, 2012**.

Dated this 23rd day of October, 2012.

_____
David G. Campbell
United States District Judge