**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | No. CV12-0105-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| $2,164,341 in US Currency | |
| Defendant. | |

Before the Court is the motion for discovery sanctions and entry of judgment by Plaintiff United States of America. Doc. 34. Before ruling on the fully briefed motion, the Court requested additional briefing on the issue of discovery sanctions. Doc. 37. Both Plaintiff and Claimant Leonardo Cornejo–Reynoso ("Claimant") submitted additional memoranda. Docs. 39, 40. For the reasons set forth below, the Court will grant in part Plaintiff's motion.[1]

**I.   Background**.

Plaintiff's complaint seeking forfeiture of $2,164,341 in United States currency was filed on January 17, 2012. Doc. 1. Claimant's answer claiming an interest in the money was filed on February 8, 2012. Doc. 7.

Plaintiff served a notice of Claimant's deposition on February 14, 2012. Doc. 9. The attorneys agreed that the deposition would occur on March 15, 2012. When

---

[1] Claimant's request for oral argument is denied. The parties' briefings and other submissions have amply addressed the issues raised by the motion, and the Court concludes that oral argument will not aid its decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Claimant had difficulty obtaining a visa to enter the United States, the deposition was rescheduled to April 4, 2012. Doc. 18. Plaintiff arranged for Claimant, who lives in Mexico and is not a U.S. citizen, to be paroled into the United States for purposes of the deposition, but Claimant asserted that the parole documentation was received too late and that he could not appear for the deposition. The parties agreed to reschedule the deposition for May 4, 2012. *Id.*

Subsequent efforts to secure parole documents on a schedule that would work for the parties were largely unsuccessful, and the parties ultimately agreed to seek an extension of the discovery schedule in this case, which the Court approved. Doc. 16. Counsel for Plaintiff was able to obtain parole documents for the month of August 2012, and the parties agreed Claimant's deposition would occur on August 30, 2012. But when Claimant subsequently took the position that he needed assurances that he would not be arrested upon entering the United States (presumably for criminal charges related to seizure of the currency) and Plaintiff stated that no such assurances could be given, the parties were unable to agree that the deposition would go forward. Plaintiff filed an emergency motion to compel the deposition and Claimant filed an emergency motion for a protective order. Docs. 18, 19.

The Court held a telephone conference with the parties on August 27, 2012. Doc. 21. As a result of that conference, the Court declined to require Plaintiff to depose Claimant by videoconference in Mexico as requested by Claimant's counsel. The Court also held that Claimant, having invoked the jurisdiction of the Court to assert his claim, could not refuse to appear in this District for his deposition. Because the date of the deposition was imminent and Claimant's counsel sought additional time for Claimant to consider carefully whether he would enter this country to give the deposition, the Court put in place a schedule for the parties to complete the deposition. Doc. 22. The Court's order required Claimant, by September 19, 2012, to advise Plaintiff whether Claimant was able to obtain a visa to enter the United States and, if so, how soon he could enter the country for purposes of a deposition. Doc. 22 at 2. If Claimant was not able to obtain a

visa, the Court's order stated that Plaintiff should make arrangements for Claimant to be paroled into the country to complete his deposition no later than November 30, 2012. *Id*. The Court ordered that Claimant "shall appear for his deposition in this District on or before November 30, 2012." *Id*.

Claimant did not comply with the Court's order. He did not notify Plaintiff by September 19, 2012 whether he could obtain a visa to enter the country. Plaintiff's counsel nonetheless took steps to obtain parole documents and schedule the deposition. On September 11, 2012, Plaintiff's counsel wrote to Claimant's counsel and proposed several deposition dates between mid-September and early November 2012. Doc. 27-1 at 2. Claimant's counsel did not respond to the proposed dates until October 5, 2012, when Claimant's Counsel wrote a letter requesting that the deposition occur in the second half of November, and stating that Claimant had recently discovered that a criminal case was pending against him in Coconino County Superior Court. Doc. 26-1 at 1. Plaintiff scheduled Claimant's deposition for October 23, 2012 (Doc. 25), and in response Claimant filed an emergency motion for a protective order (Doc. 26).

The Court held a telephone conference with the parties on October 19, 2012. Doc. 28. As a result of that conference, the Court denied Claimant's motion for a protective order and ordered Claimant to appear for his deposition on October 24, 2012. Docs. 29, 32. Claimant failed to appear. Doc. 33.

**II. Discussion**.

    **A. Fugitive Disentitlement Doctrine**.

Plaintiff submits that the Court may enter judgment in its favor under the fugitive disentitlement provision of the Civil Asset Forfeiture Reform Act of 2000, 28 U.S.C. § 2466(a) ("CAFRA"). Doc. 24 at 9-13. The Ninth Circuit has adopted the following five-part test for determining whether a fugitive may be disentitled: "(1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant or process; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be

confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided criminal prosecution by leaving the United States, declining to enter or reenter the country, or otherwise evading the criminal court's jurisdiction." *United States. v. $6,190.00 in U.S. Currency*, 581 F.3d 881, 886 (9th Cir. 2009) (citations omitted). "Section 2466 does not mandate disentitlement once these five elements have been satisfied. Rather, it provides that "[a] judicial officer *may* disallow a person from using the resources of the courts of the United States.'" *Id.* (quoting 28 U.S.C. § 2466 (emphasis added)).

Plaintiff has failed to satisfy the five elements of § 2466. Plaintiff has not presented clear evidence that a warrant has been issued for Claimant's arrest or that the action pending in Coconino County Superior Court is related to this action. The Court therefore will deny Plaintiff's motion for judgment under the fugitive disentitlement doctrine.

**B.     Discovery Sanctions**.

Plaintiff has been seeking diligently to take Claimant's deposition since February of 2012. Three times Plaintiff has completed the difficult process of arranging for Claimant to be paroled into the United States for his deposition, and three times Claimant has declined to appear. Claimant has twice failed to comply with orders of this Court: Claimant failed to advise Plaintiff on or before September 19, 2012, whether Plaintiff was able to obtain a visa to enter the United States (as ordered in Doc. 22), and Claimant failed to appear for his deposition on October 24, 2012 (as ordered in Doc. 32). Sanctions are warranted.

Plaintiff asks the Court to strike Claimant's answer and enter judgment in its favor. Before case-terminating sanctions can be imposed, however, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th

Cir. 2012) (citations omitted). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs, Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998).

The third factor looks to whether Claimant's behavior "impaired [Plaintiff's] ability to go to trial or threatened to interfere with the rightful decision of the case." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (quoting *United States ex. Rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988)). Although Claimant has responded to some written discovery, his deposition is clearly the most important discovery step in this case. Claimant professes to own the more than $2 million seized from his truck, and it is his assertion of ownership that Plaintiff must overcome to obtain forfeiture. Claimant's steadfast refusal to appear for his deposition in the District clearly has impaired Plaintiff's ability to go to trial. Claimant's deposition avoidance also caused the Court to extend the discovery schedule by almost six months, an extension that ultimately failed in securing his deposition. The Court and Plaintiff are now faced with a closed discovery period and the prospect of trial on an incomplete record. Without question, Claimant's actions have impaired Plaintiff's ability to go to trial and the Court's ability to reach a rightful decision in this case.

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs,* 158 F.3d at 1057. Although the Court did address alternative sanctions at some stages of this case, it did not warn Claimant that failure to appear at his deposition could result in judgment against him. The Court did extend the time for Claimant to appear, and made efforts to enter a schedule and procedure that would make his appearance as effective as possible. These steps did not succeed in securing Claimant's attendance at his deposition.

Although the Court concludes that the entry of judgment against Claimant is not warranted at this stage, another Rule 37 sanction clearly is warranted. Rule 37 provides that a court may impose the following sanction for failure to obey an order to provide

- 5 -

discovery: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court imposes the following sanction: Claimant is prohibited from presenting his own oral or written testimony, in any form, related to the issues in this case. Claimant cannot submit an affidavit in response to a motion for summary judgment and cannot testify at trial, remotely or in person. The Court concludes that this sanction is warranted in light of Claimant's repeated refusals to appear and submit to a deposition in this case.

Discovery is closed. The discovery period ended on January 22, 2013. Doc. 16. Dispositive motions are due on February 22, 2013. *Id.* The Court will adhere to this schedule. Plaintiff may file a motion for summary judgment in support of its claim in this case, and Claimant cannot oppose the motion with his own testimony, in any form.

**IT IS ORDERED** that Plaintiff's motion for entry of judgment and/or issuance of terminating sanctions (Doc. 34) is **denied**. As a sanction for failing to comply with the Court's orders, Claimant is precluded from testifying, from introducing affidavits containing his testimony, or from in any way presenting his own testimony in this matter.

Dated this 28th day of January, 2013.

_____
David G. Campbell
United States District Judge